**COOPER DEVELOPMENT COMPANY, Plaintiff,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, and Transcontinental Insurance Company, Defendants.**

**No. C 90–1330 SC.**

United States District Court, N.D. California.

April 16, 1991.

**1430**

Paul A. Zevnik, Michel Y. Horton, Kaye, Scholer, Fierman, Hayes & Handler, Los Angeles, Cal. and Christopher H. Marraro and John G. Bickerman, Kaye, Scholer, Fierman, Hayes & Handler, Washington, D.C., for Cooper Development Co.

Steven D. Meier, Lyle B. Sinell and Alex M. Duarte, Zelle & Larson, San Francisco, Cal., for Employers Ins. of Wausau.

John E. Peer and Elizabeth Colpoys, Long & Levit, San Francisco, Cal., for Transcontinental Ins. Co.

### ORDER

CONTI, District Judge.

### I. Introduction

Plaintiff Cooper Development Company ("Cooper") moves for partial summary judgment on the "trigger of coverage" for liability insurance policies covering environmental property damage, and on the issue of whether costs incurred in complying with government-compelled environmental cleanup obligations are "damages" within the meaning of defendants' insurance policies. Also, defendant and counterclaimant Employers Insurance of Wausau ("Wausau") moves for leave to file an amended answer adding a counterclaim and additional parties. The court addresses all three motions in this order.

### II. Background

Wausau has insured Cooper under several comprehensive general liability policies since at least 1983. Transcontinental insured Cooper under an excess commercial umbrella liability policy from July 1, 1982 to June 27, 1985. Cooper acquired a manufacturing facility in Freehold, New Jersey in 1983. Manufacturing operations to produce medical diagnostic products there used various solvents, including trichloroethylene ("TCE"), from approximately 1968 to 1987. The sale of Cooper's Freehold facility in 1986 subjected it to certain requirements under New Jersey's Environmental Cleanup Responsibility Act, N.J.S.A. 13:1K–6, et seq. ("ECRA"). Soil and groundwater contamination were discovered at the site in 1987, and Cooper notified Wausau of its claim for property damage in May 1990.

### III. Discussion

#### A. Summary Judgment Standard

Summary judgment is proper only when there is no genuine issue of material fact and when, viewing the evidence in the light most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir. 1985). Once a summary judgment motion is made and properly supported, the adverse party may not rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Myrtle Nell Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

#### B. Partial Summary Judgment Motions on "Trigger of Coverage" and "Damages"

■ Cooper seeks summary adjudication that all "legally-imposed environmental lia-

bilities" are covered as "damages" under the Wausau and Transcontinental policies. It also seeks a ruling that Wausau and Transcontinental's policies must respond to expenses incurred by reason of environmental contamination.

To meet its initial burden on a motion for partial summary judgment, Cooper must establish the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In this case, to meet the burden requires that Cooper demonstrate that the contamination is within the basic insuring agreement of the insurance policies. *Royal Globe Insurance Co. v. Whitaker*, 181 Cal.App.3d 532, 536, 226 Cal.Rptr. 435 (1986).

Each of the policies at issue in this case requires for coverage that property damage be caused by an "occurrence" as defined in the policies, and that it be the result of a sudden and accidental discharge of a pollutant. The Wausau policies contain a pollution exclusion stating:

> This insurance does not apply to ... property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalies, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere ...; *but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental* (emphasis added).

Transcontinental's excess policy provides two insuring agreements. "Coverage A" incorporates the provisions of the Wausau policy, "except for any obligation to investigate and defend and pay for costs and expenses incident to any of the same. "Coverage B" provides excess insurance over primary coverage, but does not incorporate Wausau provisions. Nonetheless, both of Transcontinental's insuring agreements provide:

> [T]his policy does not apply under Coverage A and Coverage B to: ... (c) personal injury and property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalies, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants, or pollutants into or upon land, the atmosphere or any watercourse or body of water; *but this exclusion does not apply (1) if such discharge, dispersal, release or escape is sudden and accidental* (emphasis added).

Cooper has the burden of proving the sudden and accidental exception applies. *See Detrex Chemical Industries Inc. v. Employers Ins. of Wausau*, 746 F.Supp. 1310 (N.D.Ohio 1990). Thus, to establish the absence of factual issues and shift the burden to defendants, Cooper must make a showing of how and when the contamination happened. Otherwise, preliminary issues remain as to whether the contamination is covered under the insurance policies, *even if* the "trigger" and "damages" issues were resolved in Cooper's favor.

In its motions, however, Cooper only alleges that the contamination was caused "primarily" by the puncture of a drum of TCE, or the TCE caused the "bulk" of Cooper's damages, or that the contaminated groundwater "in all likelihood" migrated off the Freehold site. These allegations are insufficient to establish the absence of a genuine issue of material fact entitling Cooper to prevail as a matter of law on the "trigger" and "coverage" issues, since the policies only apply at all if the contamination was caused in a certain way at a certain time.

As support, Cooper offers only the declaration of Carol Kaufman, Cooper's Vice President, stating that Cooper's environmental consultants determined that the ground and water at Freehold had been polluted, "primarily" by TCE, and that the TCE contamination was caused "primarily" by the puncture and spill of a drum of TCE during the winter of 1984. Without any supported factual information as to how or when the contamination occurred, Cooper has not met its initial burden. Accordingly, both motions for partial summary judgment are DENIED.

### C. Wausau's Motion to Amend Answer

 Wausau seeks leave of the court under Fed.R.Civ.P. 13(f) and 15(a) to file an

amended answer adding a counterclaim and naming as counterdefendants The Cooper Companies, Cooper Life Sciences, Inc. (collectively referred to by Wausau as "the Cooper entities"), Sobrato Development Companies ("Sobrato"), and Transcontinental Insurance Company. The proposed counterclaim seeks a judicial declaration that Wausau has no obligation under various insurance policies to defend or indemnify the additional counterdefendants in connection with claims against the counterdefendants for environmental contamination at three additional sites in Mountain View, California, Cedar Knolls, New Jersey, and St. Croix, Virgin Islands ("the Sobrato and Berlex claims").

Courts have been quite liberal in granting leave to amend under Fed.R.Civ.P. 15(a) and 13(f). Fed.R.Civ.P. 15(a) provides that leave to amend is to "be freely given when justice so requires." Leave to amend should be denied only when there is a showing of undue delay, bad faith, futility of amendment, or prejudice to the opposing party. *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.*, 648 F.2d 1252, 1254 (9th Cir. 1981). " 'Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.' " *Id.* (citation omitted). The decided cases reveal that a federal court will balance these several factors in deciding whether leave to amend should be granted. *See, e.g.*, Wright and Miller, Federal Practice and Procedure § 1487 (1990). The facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend. *Id.*

Cooper fails to show undue delay, bad faith, futility of amendment, or prejudice. Rather, the primary basis of its opposition to the amendment is that the new parties and claims are factually and legally distinct from the matters before the court, and Wausau has not met its burden to demonstrate a proper counterclaim and joinder of parties. For the reasons discussed below, the court finds these arguments meritless.

Wausau alleges that after it filed its answer, it became aware that the Cooper entities and Sobrato had made claims for defense and indemnity under their policies issued by Wausau in reference to the Sobrato and Berlex claims. In particular, Wausau avers that in connection with the Sobrato and Berlex actions, claims were made by the counterdefendants on Wausau policies No. 0624 00 039748 and No. 0625 00 039748, as to which Cooper Development, Cooper Companies, and Cooper Life Sciences, Inc., or their predecessors in interest, are named as additional insureds. These two policies are combination casualty policies and were issued to Cooper Laboratories, Inc., the alleged parent company to the predecessors of Cooper Development, Cooper Life Sciences, Inc., and Cooper Companies. The limits of liability insurance under each policy are $1,000,000 each occurrence with a $1,000,000 to $2,000,000 annual aggregate.

Cooper argues that the counterclaim involves unrelated sites, facts, legal issues, and parties. It fails to note, however, that all claims involve two of the same Wausau policies (the "transaction" in this case), and that those policies name the Cooper entities as additional insureds. For this reason, the legal issues involved are related, since recovery on any one of the claims could exhaust the policy limits and affect the amount available under the policy to the remaining counterdefendants. Cooper Development has an "actual controversy," as required by 28 U.S.C. § 2201, with Wausau in these claims as to whether it recovers first, before the policy limits are exhausted by another claim.

Cooper also argues that Transcontinental cannot be added as a counterdefendant because such an addition would force the court to realign Transcontinental with Wausau and thus would destroy diversity.[1] While such a realignment might possibly

---

1. Transcontinental, Cooper Companies and Cooper Life Sciences, Inc. all maintain their principal places of business in New York.

occur pursuant to a motion in the future, such a possibility does not preclude the court from allowing Wausau to add Transcontinental as a counterdefendant. If diversity is destroyed, the parties may still pursue their claims in state court.

For the foregoing reasons, the court finds that Wausau's motion for leave to amend its answer should be GRANTED.[2]

IV. Conclusion

In accordance with the foregoing, it is hereby ORDERED that Cooper's motions for partial summary judgment are DENIED, and Wausau's motion to file an amended answer is GRANTED. A further status conference is set for June 28, 1991 at 10:00 a.m. in Courtroom One.

IT IS SO ORDERED.

---

2. Should the court find later that the action has become so complex so as to cause inconvenience or prejudice, it may exercise its discretion to order separate trials pursuant to Fed.R.Civ.P. 42(b).