[No. C012715. Third Dist. Jan 20, 1993.]

ROBERT FINDLETON, Plaintiff and Appellant, v.
BOARD OF SUPERVISORS OF EL DORADO COUNTY et al.,
Defendants and Respondents.

[Opinion certified for partial publication.*]

*All portions of this opinion are certified for publication except for part I of the Discussion.

COUNSEL

Steven C. Bailey for Plaintiff and Appellant.

William M. Wright for Defendants and Respondents.

OPINION

SIMS, J.—Appellant Robert Findleton, the owner of a parcel of real property in El Dorado County (County), petitioned the trial court for a writ of mandate to order respondent County Board of Supervisors (Board) to issue him a certificate of compliance with the Subdivision Map Act (Gov. Code, § 66410 et seq.; hereafter SMA) so that he could make use of his property.[1] The trial court denied Findleton's petition on the ground that the Board had already issued him a conditional certificate of compliance and that he was not entitled to an unconditional certificate. Findleton appeals, contending that the interaction of the SMA and the Permit Streamlining Act (§ 65920 et seq.; hereafter PSA) in relation to the facts of this case compels the issuance of an unconditional certificate of compliance as a matter of law. Finding that the PSA does not apply here and that the conditional certificate of compliance Findleton has received is all he is entitled to at this point, we shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parcel of real property in question consists of approximately 18 acres in an unincorporated rural area of El Dorado County. This parcel was created in 1980, along with 18 others, through the division of a larger parcel by gift deed.

In November 1990, the County recorded a notice of violation of the SMA as to all 19 parcels, alleging that their creation violated the act.

Findleton originally took title to his parcel in 1984. Following a series of sales and subsequent foreclosures, he finally retook title and possession in January 1991.

On January 23, 1991, Findleton submitted an application for a certificate of compliance with the SMA to the planning division of the county community development department (Department).

The application had not been finally acted upon by September 1991.

---

[1] All statutory references are to the Government Code unless otherwise indicated.

On September 20, 1991, Findleton filed a petition for alternative writ of mandamus, naming as respondents the Board and Larry Walrod, "Director, El Dorado County Planning Department." The petition alleged that respondents had a ministerial duty under the SMA (specifically, § 66499.35) to act on Findleton's application and grant a certificate of compliance and sought a writ compelling them to do so. The petition made no reference to the PSA.

The trial court issued an order to show cause and an alternative writ.

In their return to the petition respondents asserted, inter alia, that County staff had prepared a report regarding the issuance of a *conditional* certificate of compliance to Findleton and that the Board planned to hold a hearing on the subject on October 29, 1991.

The trial court held a hearing on the petition on November 14, 1991. The court requested the parties to brief the applicability of the PSA and stated that the matter would thereafter be deemed submitted.

Following the submission of briefing on the applicability of the PSA, the trial court found on November 22, 1991, that respondents had not yet issued Findleton a conditional certificate of compliance and ordered them to do so promptly. Except to this extent, the court denied the petition and discharged the alternative writ.

On December 23, 1991, respondents having issued the conditional certificate of compliance, the trial court entered judgment formally denying Findleton's petition and discharging the alternative writ. This appeal followed.

## DISCUSSION

Findleton contends that the time frames of the PSA apply to the provisions of the SMA governing the issuance of certificates of compliance, that under the PSA a project is deemed approved if the local government has not acted on it within six months of receiving an application for a certificate of compliance, and that the trial court abused its discretion by not compelling respondents to comply with the provisions of the PSA. Respondents reply that the issuance of a conditional certificate of compliance rendered the petition moot, that Findleton now requests relief which he did not seek in the petition, and that the trial court's denial of the petition under the PSA was supported by substantial evidence. In an unpublished portion of this opinion, we turn first to the question of mootness and determine the cause is not moot.

I*

. . . . . . . . . . . . . . . . . . . . . . . . . .

II

 Findleton contends he is entitled to an unconditional certificate of compliance because respondents failed to act on his application within the mandatory time limits of the PSA, which provides that a development project not acted on within those limits is automatically "deemed approved." (§ 65956, subd. (b).)

However, in order to trigger the time limits of the PSA, a citizen must be pursuing approval of a "development project." (§ 65956, subd. (b); see also § 65921.)

A "project," as defined in section 65931, includes "the issuance to a person of a . . . certificate . . . by one or more public agencies."

Section 65928 defines "development project" as ". . . any project undertaken for the purpose of development. 'Development project' includes a project involving the issuance of a permit for construction or reconstruction but not a permit to operate. *'Development project' does not include any ministerial projects proposed to be . . . approved by public agencies.*" (Italics added.)

What is a "ministerial project" within the meaning of section 65928? As a rule, "An act is ministerial when it is the doing of a certain thing that is unqualifiedly required. In other words, where the law prescribes and defines the duties to be performed by a public officer with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial." (52 Cal.Jur.3d, Public Officers, § 170, p. 333, fns. omitted.) We therefore conclude a "ministerial project" is one which requires no exercise of discretion by a public agency.

This distinction would seem to make some sense. The PSA was enacted in part to expedite decisions on development projects. (§ 65921.) However, where approval of a project requires only a ministerial act, without the exercise of discretion, mandamus is available to compel performance of the ministerial act. (Code Civ. Proc., § 1085; see *People* ex rel. *Younger* v. *County of El Dorado* (1971) 5 Cal.3d 480, 490-491 [96 Cal.Rptr. 553, 487 P.2d 1193].) Conversely, "the writ will not lie to control discretion conferred

---

*See footnote, *ante*, page 709.

upon a public officer or agency. [Citations.]" (*Younger, supra,* at p. 491.) ██ The PSA therefore supplies a strong remedy—automatic project approval—to those discretionary acts of public agencies that are insulated from compulsion by way of mandamus.

Here, Findleton's application for a certificate of compliance under the SMA involved no exercise of discretion.

The statute governing issuance of certificates of compliance, section 66499.35, provides that upon determining compliance with the SMA, the local agency "shall cause a certificate of compliance to be filed . . . ." The statute confers no discretion upon the local agency to deny a certificate of compliance where compliance is found. As we said in *Hunt* v. *County of Shasta* (1990) 225 Cal.App.3d 432 [275 Cal.Rptr. 113], "If the board determines that the property complies, it must issue a certificate of compliance so stating." (P. 436.)[3]

We conclude Findleton's request for a certificate of compliance was a "ministerial project" within the meaning of section 65928. As such, it was not a "development project."

Because Findleton did not apply for permission to carry out a development project within the meaning of the PSA, its time limits are irrelevant to this case. The Board's failure to act within those time limits therefore does not entitle Findleton to an unconditional certificate of compliance with the SMA.[4]

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Davis, J., concurred.

---

[3]We also note that Findleton pleaded respondents had a ministerial duty to issue a certificate of compliance.

[4]Findleton also asserts that the conditions imposed by the Board on his certificate of compliance are unlawful and would prohibit him from making any use of his property. Since this issue was not litigated below in this action, it is not properly before us now. According to Findleton's opening brief, he has filed a separate suit, which is presently in the trial court, to contest the lawfulness of the conditions attached to his certificate of compliance. We decline to discuss the issue pending a determination on the merits in that suit.