■ COUNTY OF FULTON, Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Appellants. [600 NYS2d 972] —Mikoll, J. Appeal from an order of the Supreme Court (White, J.), entered August 18, 1992 in Fulton County, which, *inter alia,* granted plaintiff's cross motion for summary judgment and declared that defendants must defend plaintiff in another action.

The issue on this appeal is whether the complaint alleges facts or grounds which bring the action within the protection purchased by plaintiff and within the scope of the risk undertaken by defendants. Plaintiff commenced this declaratory action against defendants, United States Fidelity and Guaranty Company (hereinafter USF&G) and Firemen's Insurance Company of Newark, New Jersey, seeking a declaration that both insurance companies were obligated to defend and indemnify plaintiff in a third-party action brought against plaintiff for any costs of clean-up of hazardous substances found at the landfill operated by plaintiff from 1957 to 1987 (hereinafter the third-party action).

Plaintiff alleged that between 1980 and 1981 it constructed seven solid waste transfer stations within Fulton County, that until 1989 solid waste was collected from the transfer stations and deposited at the landfill site, that any release of hazardous substances at the site was sudden and accidental, and that USF&G and Firemen's were thus obligated to defend and indemnify plaintiff pursuant to the respective insurance contracts issued by them. USF&G and Firemen's separately moved for summary judgment dismissing the complaint. Plaintiff opposed both motions and cross-moved for summary judgment.

Supreme Court granted plaintiff's cross motion for summary judgment, holding that because the allegations in the third-party complaint did not necessarily negate the possibility that the release of pollution upon the site was sudden and accidental, the pollution exclusion was inapplicable and that USF&G and Firemen's therefore had a duty to defend plaintiff in the third-party action. USF&G and Firemen's appeal.

USF&G and Firemen's contend that plaintiff has failed to meet the burden of establishing that the pollution exclusion does not apply here in that the allegations in the underlying complaint and the third-party complaint fall within the exception to the pollution exclusion clauses of the respective insurance contracts. They urge that because plaintiff has failed to raise a possibility that the insured may be held liable for some act or omission covered by the policy, they are not obligated to defend plaintiff *(see, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 302).

For the pollution exclusion exception to apply, the underlying complaint and/or the third-party complaint "must allege a discharge, dispersal, release or escape of a toxic or hazardous waste which has actually resulted in pollution" *(Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 74) and that the alleged discharge is both sudden and accidental *(supra,* at 74-75; *see, Powers Chemco v Federal Ins. Co.,* 74 NY2d 910, 911; *Borg-Warner Corp. v Insurance Co.,* 174 AD2d 24, 30-31, *lv denied* 80 NY2d 753). A "sudden" discharge is instantaneous, not long-lasting or continuous *(Borg-Warner Corp. v Insurance Co., supra,* at 31), and an "accidental" event is unexpected, unintended and short-lasting *(Powers Chemco v Federal Ins. Co., supra).*

Both the underlying complaint and third-party complaint are based on allegations that plaintiff and/or others discharged pollutants resulting in harm to the environment; without more, the standard pollution exclusion applies *(see, Technicon Elecs. Corp. v American Home Assur. Co., supra,* at 74). Plaintiff has the duty of demonstrating that there exists an exception to the exclusionary clause of the contract *(see, Borg-Warner Corp. v Insurance Co., supra).*

To be considered "sudden" within the meaning of the pollution exclusion clause, a release or discharge "must occur abruptly or quickly" *(supra,* at 31; *see, Technicon Elecs. Corp. v American Home Assur. Co.,* 141 AD2d 124, 137, *affd* 74 NY2d 66). The complaints do not allege an abrupt or quick discharge, but rather the inference is that the discharge occurred over long periods of time. Such a discharge does not qualify as being sudden. Absent the "sudden" prong of the exception to the exclusion clause of the insurance contracts, plaintiff is not entitled to a defense and coverage. We also note that the underlying complaint alleges that plaintiff disposed of wastes at the landfill site for a number of years. Plaintiff does not deny this circumstance. The alleged dis-

charge is thus on its face not accidental. Plaintiff has thus also failed to meet the "accidental" prong of the exception to the exclusionary clause.

Weiss, P. J., Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motions granted, summary judgment is awarded to defendants and it is declared that defendants are not required to defend or indemnify plaintiff in the underlying action.