**AEROQUIP CORPORATION,**
**Plaintiff–Appellant,**

v.

**AETNA CASUALTY AND SURETY**
**COMPANY, INC., et al.,**
**Defendants–Appellees.**

No. 91–56356.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 1993.

Decided June 2, 1994.

Michael Hickok, Seyfarth, Shaw, Fair-
weather & Geraldson, Los Angeles, CA, for
plaintiff-appellant.

Richard J. Doren, Gibson, Dunn & Crutch-
er, Los Angeles, CA, Victor C. Harwood, III,
Harwood Lloyd, Hackensack, NJ, for defen-
dants-appellees.

Before: FLOYD R. GIBSON,* HALL and
KLEINFELD, Circuit Judges.

PER CURIAM.

Aeroquip Corporation brought this action
against Aetna Casualty and Surety Compa-
ny, Inc., seeking a declaration that certain
Aetna insurance policies cover cleanup costs
resulting from a leak in an underground fuel
tank. Each policy excluded coverage for pol-
lution, but some policies contained an excep-
tion to the exclusion for "sudden and acciden-
tal" pollution. The district court granted
summary judgment in favor of Aetna. We
conclude that Aeroquip, acting as the policy-
holder, had the burden of proving the excep-
tion to the exclusion and we therefore affirm.

### Facts

In 1979, Aeroquip leased certain real prop-
erty to Brasher Brothers, Inc. Soon thereaf-
ter, Brasher Brothers installed a 12,000 gal-
lon underground diesel fuel tank. The tank
was connected to an island with a pump, as
at a gas station. During the period of this
lease, Brasher Brothers was insured under a
series of comprehensive general liability poli-
cies issued by Aetna.

In 1986, Aeroquip hired an environmental
consulting firm to remove the tank. The
consultants discovered that approximately
7,500 gallons of diesel fuel had leaked into
the soil. The cause and time of the leak,
which apparently was in the plumbing be-
tween the tank and the pump, is undeter-
mined. The tenant never noticed any signifi-
cant, unexplained drops in fuel levels. Al-

---

* The Honorable Floyd R. Gibson, Senior United
States Circuit Judge for the Eighth Circuit, sit-
ting by designation.

though the environmental consultant's project manager testified that he had not formed an opinion, or done the quantitative analysis of rate of seepage in the soil necessary to form an opinion, his "impression was that, gees, it must have leaked for a long time." The depth of contamination, which started at the surface and went down approximately 80 feet, supported this impression.

The cleanup cost Aeroquip roughly $1 million. After Aeroquip obtained a judgment against Brasher Brothers, it sued Aetna for coverage under its policies. Aeroquip argued that despite the pollution exclusion the exception for "sudden and accidental" discharges allowed coverage for this leak. The district court disagreed, holding that "Aeroquip has not met its burden to prove that a dispute exists about whether the discharge of diesel fuel at issue was 'sudden.'" Accordingly, the district court granted summary judgment to Aetna.

## Analysis

We review de novo the district court's grant of summary judgment. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 629 (9th Cir.1987). An interpretation of state law is likewise reviewed de novo. *In re Kirkland,* 915 F.2d 1236, 1238 (9th Cir.1990).

Each insurance policy contained language excluding coverage for pollution, but the policies issued before 1986 contained an exception for sudden and accidental discharges:

This policy does not apply to ... property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalies, toxic chemicals, liquids, or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but *this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.*

■ Aeroquip first argues that "sudden" can mean unexpected and unintended, and need not mean anything relating to time, such as abrupt or immediate. This insurance law question, as the parties agree, is controlled by California law. Although the California Supreme Court has not spoken to this issue, we have previously concluded, that "under ... California law, the 'sudden and accidental' exception to the pollution exclusion necessarily incorporates a notion of temporal brevity." *Smith v. Hughes Aircraft Co.,* 22 F.3d 1432 (9th Cir.1994). We have no reason to depart from this interpretation of California law.

Aeroquip next argues that Aetna had the burden of proving that the exception to the insurance policy exclusion did not apply. We are also without California precedent on this point.[1] "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *In re Kirkland,* 915 F.2d at 1238.

Although courts are split on this issue, the majority of decisions place the burden on the

---

1. Although one California appellate decision had held that the policyholder has the burden of proof on the exception, it was subsequently "depublished." *Marglen Indus., Inc. v. Aetna Casualty & Sur. Co.,* 4 Cal.App.4th 414, 5 Cal.Rptr.2d 659, 669 (1992). Under California Appellate Rules 979(e) and 977(a), the depublication means *Marglen* cannot be cited in support of the proposition for which it stands, nor can the depublication order be treated as disapproval of that proposition.

We were previously presented with this question and noted that the "California courts have not decided which party has the burden of proving an exception to an exclusion." *Maffei v. Northern Ins. Co.,* 12 F.3d 892, 899 (9th Cir. 1993). In that case, however, we were not required to resolve the issue. The policy at issue there excepted damages caused by a hostile fire from its general exclusion of damage caused by pollution. *Id.* at 895. We rejected plaintiff's assertion that the district court had impermissibly shifted the burdens of proof. *Id.* at 900. Rather, we found that the district court, in granting summary judgment, simply found "as a threshold matter, [that] there was no evidence that a fire had occurred." *Id.* Because the district court had erroneously excluded a declaration offered by the insured, we concluded the district court erred in finding that no question of fact existed as to whether a fire had occurred. *Id.* We held that, as the moving party, the insurer had failed to meet its burden of showing the absence of a question of fact. *Id.* In other words, a material issue existed about application of the exception. *Id.*

insured, *see, e.g., Northern Ins. Co. v. Aardvark K. Assocs., Inc.,* 942 F.2d 189, 195 (3d Cir.1991) (Pennsylvania law); *Hudson Ins. Co. v. Double D Management Co.,* 768 F.Supp. 1542, 1545 (M.D.Fla.1991) (Florida law); *Cooper Dev. Co. v. Employers Ins. of Wausau,* 765 F.Supp. 1429, 1431 (N.D.Cal. 1991) (presumably applying California law); *Covenant Ins. Co. v. Friday Eng'g, Inc.,* 742 F.Supp. 708, 711 (D.Mass.1990) (Massachusetts law); *Fireman's Fund Ins. Cos v. Ex-Cell-O Corp.,* 702 F.Supp. 1317, 1328–29 (E.D.Mich.1988) (Michigan law); *Rodriguez ex rel. Rodriguez v. Safeco Ins. Co.,* 821 P.2d 849, 852–53 (Col.Ct.App.1991) (Colorado law), *cert. denied,* (1991); *Dakhue Landfill, Inc. v. Employers Ins. of Wausau,* 508 N.W.2d 798, 803 (Minn.Ct.App.1993) (Minnesota law); *County of Fulton v. United States Fidelity & Guar. Co.,* 195 A.D.2d 864, 600 N.Y.S.2d 972, 974 (N.Y.App.Div.1993) (New York law); *but see New Castle County v. Hartford Accident & Indem. Co.,* 933 F.2d 1162, 1182 (3d Cir. 1991) (Delaware law); *A.Y. McDonald Indus., Inc. v. Insurance Co. of N. Am.,* 842 F.Supp. 1166, 1171 (N.D.Iowa 1993) (Iowa law); *Remington Arms Co. v. Liberty Mut. Ins. Co.,* 810 F.Supp. 1406, 1413 n. 2 (D.Del. 1992) (Connecticut law); *Colonial Tanning Corp. v. Home Indem. Co.,* 780 F.Supp. 906, 919 (N.D.N.Y.1991) (New York law); *United States Fidelity & Guar. Co. v. Morrison Grain Co.,* 734 F.Supp. 437, 443 (D.Kan.1990) (Kansas law), *aff'd,* 999 F.2d 489 (10th Cir. 1993).

■ This allocation aligns the burden with the benefit and is consistent with the general principle under California law that " '[w]hile the burden is on the insurer to prove a claim covered falls within an exclusion, the burden is on the insured initially to prove that an event is a claim within the scope of the basic coverage.' " *Intel Corp. v. Hartford Accident & Indem. Co.,* 952 F.2d 1551, 1557 (9th Cir.1991) (quoting *Royal Globe Ins. Co. v. Whitaker,* 181 Cal.App.3d 532, 226 Cal.Rptr. 435, 437 (Ct.App.1986)). The "sudden and accidental" exception creates coverage where it would otherwise not exist and thus the insured's burden of proving coverage extends to proof of this exception.

Moreover, if the burden were on the insurer, the property owner would have an incentive to avoid finding out whether pollutants are being gradually discharged, because preservation of ignorance would increase the likelihood of insurance coverage. We do not think the California Supreme Court would adopt a rule creating such reverse incentives.

This assignment to the insured is also consistent with the usual rules for allocating burdens of proof. The rule places the burden on the party who will generally have access to facts that show the discharge of pollutants was sudden and unexpected. If the discharge actually was sudden, as might be evidenced by a refill greatly exceeding amounts pumped from the tank, or by an accident with the pipe, the policy holder should be better able to prove the suddenness than the insurer would be able to prove its absence.

Thus, Aeroquip had the burden of proving that the discharge of diesel fuel into the earth was sudden and accidental. It produced no cognizable evidence to this effect. In the absence of any evidence that the discharge was sudden, the district court properly entered summary judgment for the insurer.

***AFFIRMED.***