99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN STATES INSURANCE COMPANY,
Plaintiff-counter-defendant-Appellee,
v.
SACRAMENTO PLATING INC.; Richard Perry; Arlene Perry;
Dale Carter; RAR Marketing Inc; Alice Kazanjian,
Defendants.
Arthur LABOUR, Defendant-counter-claimant-Appellant,
v.
ROYAL INSURANCE COMPANY OF AMERICA, Counter-defendant-Appellee.
 No. 94-16905.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1996.
Decided Oct. 25, 1996.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR,* District Judge.
 
 
 2
 Memorandum**
 
 
 3
 Arthur A. Labour appeals the district court's entry of summary judgment for American States Insurance Company ("ASI") and Royal Insurance Company ("Royal") in an action for declaratory judgment and breach of contract arising out of ASI's and Royal's refusal to provide coverage under several comprehensive general liability policies for costs associated with Labour's compliance with an "Imminent and Substantial Endangerment Determination and Order" issued by the California Environmental Protection Agency Department of Toxic Substances Control ("Cal-EPA Order") regarding environmental pollution on Labour's Property. The district court held that the "qualified pollution exclusions" found in the relevant ASI and Royal policies precluded coverage as a matter of law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that the district court properly exercised jurisdiction over this matter, and we affirm as to all other issues raised on appeal.
 
 I.
 
 4
 Royal asserts that Labour waived his right to challenge the summary judgment decision on appeal by filing a statement of non-opposition to Royal's motion in the proceedings below.
 
 
 5
 Where, as here, Labour consented to entry of summary judgment by the district court, "we have 'followed the practice of looking at the language of the consent judgment and other evidence in the record to determine whether a party may appeal following an order entered by consent.' " Paracor Finance, Inc. v. General Elec. Capital Corp., 1996 WL 552678 * 15 (9th Cir.1996) (quoting Blair v. Shanahan, 38 F.3d 1514, 1521 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1698 (1995)); Shores v. Sklar, 885 F.2d 760, 762 (11th Cir.1989), cert. denied, 493 U.S. 1045 (1990). It is apparent from the record that at least Labour and the district court believed that Labour had reserved the right to appeal from Royal's summary judgment, id., and Labour in fact exercised this right in a timely fashion by filing his notice of appeal on October 14, 1994, 30 days after the district court's September 14, 1994 entry of such judgment. See Fed.R.App.Proc. 4(a). We therefore conclude that Labour did not waive his right to appeal from the district court's entry of summary judgment in Royal's favor.[1]
 
 II.
 
 6
 Before reaching the merits of Labour's appeal, we consider whether the district court abused its discretion by exercising jurisdiction over the case. In deciding whether a district court abuses its discretion by entertaining a declaratory relief action, we consider whether "there are 'circumstances present to warrant an exception' to the general rule that the action belongs in state rather than federal court." Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 799 (9th Cir.1995) (quoting American National Fire Insurance Co. v. Hungerford, 53 F.3d 1012, 1019 (9th Cir.1995)). In the instant case, the district court expressly weighed the factors bearing upon the discretionary exercise of federal court jurisdiction, and decided to retain the declaratory relief action. We conclude that the circumstances of this case did not obligate the district court to exercise its discretion to decline jurisdiction over the declaratory relief claims, especially in light of Labour's breach of contract counter-claims and cross-claims against ASI and Royal, respectively. Dismissal of the declaratory relief claims would have resulted in piecemeal litigation because the breach of contract claims would still be pending before the court. See Maryland Casualty Co. v. Knight, --- F.3d ----, ----, 1996 WL 544213 * 4. In addition, dismissal at this stage will frustrate the interests of judicial economy because, as discussed below, the district court correctly decided the case on the merits. See id.
 
 
 7
 We now consider the appeal on its merits.
 
 III.
 
 8
 We review de novo a grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine, disputed issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 9
 On appeal, Labour contends that the district court erred in concluding that the evidence of the three tank spills in 1981, 1984 and 1985 did not raise a triable issue of fact as to whether a "sudden and accidental" discharge caused part of the contamination at the Property. The relevant ASI and Royal policies contain qualified pollution exclusions which exclude from coverage all claims for injury or damage caused by a discharge, dispersal, release or escape of pollutants (a "discharge"), but except from this exclusion injury or damage caused by "sudden and accidental" discharges. Under California law, a "sudden and accidental" discharge is one that is abrupt, unexpected and unintended. See, e.g., Shell Oil Co. v. Winterthur Swiss Ins. Co., 12 Cal.App.4th 714, 755, 15 Cal.Rptr.2d 815 (1993). Gradual pollution is unambiguously excluded from coverage. ACL Technologies, Inc. v. Northbrook Property & Casualty Ins. Co., 17 Cal.App.4th 1773, 1787, 22 Cal.Rptr.2d 206 (1993).
 
 
 10
 The insured has the burden of proving a claim is covered under an exception to an exclusion, Aeroquip Corp. v. Aetna Casualty & Surety Co., Inc., 26 F.3d 893, 894-95 (9th Cir.1994), and Labour presented no evidence from which it could be inferred that the soil contamination was caused by a "sudden and accidental" discharge. Even if the concrete floor was degraded prior to 1981, as Labour would have us infer, the three tank spills in 1981, 1984 and 1985 did not involve soil contamination caused by an abrupt, unexpected and unintended discharge. The uncontroverted evidence in the record indicates that these spills were not unexpected, and that at least one of these spills resulted from corrosion--a condition that was not abrupt, but rather occurred over time due to lack of maintenance. In addition, the occasional tank spills onto the floor occurred in the context of daily drippings and spills of toxic liquids onto the floor over many years. The district court, therefore, correctly applied Smith v. Hughes Aircraft Co., 22 F.3d 1432 (9th Cir.1994). Labour's effort to break down their long-term electroplating practices in handling the chemical fluids into temporal components must be rejected. Id. at 1438. The evidence unequivocally demonstrated that the spillage onto the floor occurred over a long period of time.
 
 
 11
 We conclude that the district court properly entered summary judgment in favor of ASI and Royal. Labour's proffered evidence of the three tank spills did not raise a triable issue of fact regarding coverage under any ASI or Royal policy.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Helen Gillmor, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although less than clear, Royal appears to assert that Labour did not file a timely notice of appeal from the district court's entry of judgment for ASI. ASI has not raised this issue. Even if ASI had, however, it should be resolved in Labour's favor. ASI's judgment, dated August 29, 1994, does not contain an express determination that there was no reason for delay, and it does not expressly direct entry of a final judgment. It therefore became final when the district court disposed of Labour's remaining cross-claims against Royal by judgment entered September 14, 1994. As discussed in the text above, Labour filed a notice of appeal on October 14, 1994, 30 days after entry of final judgment. The appeal was timely. See Kreines v. U.S., 959 F.2d 834, 836 (9th Cir.1992)