OPINION OF THE COURT
Matthew A. Rosenbaum, J.
Defendants by notice of motion request an order pursuant to CPLR 3211 (a) (7) dismissing plaintiffs complaint as failing to state a cause of action against the named defendants since neither defendant has an obligation to provide insurance coverage to plaintiff.
Plaintiff opposes dismissal.
Discussion
In 2009 plaintiff purchased real property known as 527-533 East Main Street, Rochester, NY to operate a restaurant. The property was formerly owned by Elite Vogue, Inc., and operated as a dry cleaning business, with buried underground chemical tanks. (Plaintiff aff dated Sept. 29, 2016.) Plaintiff maintained a policy of insurance issued by Wesco for the period of December 30, 2014 through December 30, 2015. (Plaintiff aff ¶ 7; Tippett aff, Apr. 8, 2016, ¶ 6.)
It is undisputed that on September 11, 2015 plaintiff was notified by the New York State Department of Environmental Conservation (DEC) that there was a documented release of hazardous substances on the property. (Schiano affirmation, dated Sept. 30, 2016; Piccioti affirmation, dated July 20, 2016, ¶ 5.) DEC also demanded that plaintiff bear the cost of an investigation and remediation, and requested plaintiff sign a consent order acknowledging responsibility which plaintiff refused to execute. (Id.) Plaintiff notified Wesco and AmTrust of DEC’s demand letter seeking defense and indemnification.
AmTrust, as agent and claims administrator for Wesco, reviewed the claim and denied coverage on two grounds, as excluded under the policy of coverage, and that the claims arose from events which occurred prior to the policy of coverage. (Id.)
*409 Motion to Dismiss—CPLR 3211 (a) (7)
On a motion to dismiss pursuant to CPLR 3211 (a) (7) the complaint must be given every favorable inference and the allegations in the complaint are deemed to be true. (See Dannasch v Bifulco, 184 AD2d 415, 417 [1st Dept 1992].) When considering such a motion, it is the task of the court to determine whether, “ ‘accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated.’ ” (Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995] [citations omitted].) If the court determines “that plaintiffs are entitled to relief on any reasonable view of the facts stated,” the court’s inquiry is complete, and the complaint is deemed legally sufficient. (Id.) AmTrust North America
Initially, defendant AmTrust seeks dismissal on the basis that it has no obligation to defend or indemnify Choi since the policy was issued by Wesco, and it is Wesco’s agent and claims administrator, sharing no privity of contract. Plaintiff has not opposed this portion of defendants’ motion.
Accordingly, based upon the lack of opposition, and the well settled law that “[a]s agents of a disclosed principal whose actions were undertaken at the direction of the insurer, the adjusters cannot be held personally responsible to plaintiffs.” (Bardi v Farmers Fire Ins. Co., 260 AD2d 783, 787 [3d Dept 1999] [citation omitted], lv denied 93 NY2d 815 [1999], rearg denied 94 NY2d 839 [1999].)
Wesco Insurance Company
Wesco seeks dismissal pursuant to CPLR 3211 (a) (7) under two theories: (1) they have no obligation to defend or indemnify under the policy of insurance due to the unambiguous coverage exclusions excluding coverage for any allegations of pollution; and (2) the events giving rise to the claim occurred prior to the inception of coverage, and the policy provides coverage only for claims which take place during the coverage period.
Plaintiff Choi by counsel disputes these theories and submits:
“5. It is Plaintiff’s position that the pollution exclusion is ambiguous and thus the motion of the Defendants should be denied. There is an issue as to whether or not there was actually a pollutant released into the ground between 1936 and 2003 and that the pollutant discharged is covered under the policy. We simply do not know if the release involved a pollutant, irritant or other chemical which could be covered under the policy.
*410 “6. Moreover, there is an issue as to if there was a sudden release which would be an exception to the pollution exclusion. The release took place some time between 1936 and 2003 pursuant to documents for the NYDEC. The Plaintiff purchased the property in 2009 and has no knowledge or information as to what, how or when any release of chemical took place. This matter is not yet ripe for decision as a matter of law.” (Schiano affirmation, dated Sept. 30, 2016.)
Commonly, in the situation where the opponent raises issues of ripeness on a motion to dismiss, the court providing the non-movant with the benefit of every favorable inference would permit discovery, and upon notice convert the motion to one for summary judgment. However, here, as required, plaintiff has not recited any discovery necessary to oppose the motion. (Matter of Town Bd. of Town of Brighton v West Brighton Fire Dept., Inc., 126 AD3d 1433 [4th Dept 2015].) In fact, a review of the papers submitted establishes the parties, to a great degree, agree to both the law and the facts. The disagreement arises from the insurance contract interpretation and whether the language excludes coverage under the circumstances herein, both under the pollution exclusion, and as a result of when the pollution occurred. Additional discovery including depositions will not change the undisputed facts, or the written insurance policy.
The parties agree that to negate insurance coverage pursuant to a policy exclusion, an insurance carrier has the burden to establish that the exclusion: (1) is stated in clear and unmistakable language; (2) is subject to no other reasonable interpretation; and (3) applies to the claim for coverage at issue. (Plaintiff’s mem at 3; defendants’ mem at 3, citing Allstate Ins. Co. v Flock Oil Co., 73 AD2d 486, 488 [4th Dept 1980].)
The policy of insurance covering the period of December 30, 2014 through December 30, 2015 provided the following pertinent clauses.
CG01 63 07 11 at paragraphs A and B which state:
“A. Paragraph 1. Insuring Agreement of Section 1 - Coverage A - Bodily Injury and Property Damage Liability is replaced by the following:
“1. Insuring Agreement
“a. We will pay those sums that the insured becomes legally obligated to pay as damages *411 because of ‘bodily injury’ or ‘property damage’ to which this insurance applies. We will have the right and duty to defend the insured against any ‘suit’ seeking those damages even if the allegations of the ‘suit’ are groundless, false or fraudulent. However, we will have no duty to defend the insured against any ‘suit’ to which this insurance does not apply. We may, at our discretion, investigate any ‘occurrence’ and settle any claim or ‘suit’ that may result.
“b. This Insurance applies to ‘bodily injury’ and ‘property damage’ only if:
“(1) The ‘bodily injury’ or ‘property damage’ is caused by an ‘occurrence’ that takes place in the ‘coverage territory’;
“(2) The ‘bodily injury’ or ‘property damage’ occurs during the policy period;
“(3) Prior to the policy period, no insured listed under Paragraph 1. Of Section 11 - Who is An Insured and no ‘employee’ authorized by you to give or receive notice of an ‘occurrence’ or claim, knew that the ‘bodily injury’ or ‘property damage’ occurred, then any continuation, change or resumption of such ‘bodily injury’ or ‘property damage’ during or after the policy period will be deemed to have been known prior to the policy period . . .
“d. ‘Bodily injury’ or ‘property damage’ will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section 11 - Who is An Insured or any ‘employee’ authorized by you to give or receive notice of an ‘occurrence’ or claim:
“(1) Reports all, or any part, of the ‘bodily injury’ or ‘property damage’ to us or any other Insurer;
“(2) Receives a written or verbal demand or claim for damages because of the ‘bodily injury’ or ‘property damage’; or
“(3) Becomes aware by an other means that ‘bodily injury’ or ‘property damage’ has occurred or has begun to occur.
“B. Paragraph l.a. of Section 1—Coverage B— Personal and Advertising Injury Liability is replaced by the following:
“1. Insuring Agreement
*412 “a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of ‘personal and advertising injury’ to which this insurance applies. We will have the right and duty to defend the Insured against any ‘suit’ seeking those damages even if the allegations of the ‘suit’ are groundless, false or fraudulent. However, we will have no duty to defend the insured against any ‘suit’ seeking damages for ‘personal and advertising injury’ to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or ‘suit’ that may result.”
Section CG 00 01 12 07 at Section 1 Coverages provides:
“Coverage B Personal and Advertising Injury Liability
“1. Insuring Agreement . . .
“b. This insurance applies to ‘personal and advertising injury’ caused by an offense arising out of your business but only if the offense was committed in the ‘coverage territory’ during the policy period.”
Section CG 00 01 12 07 at Section 1 Coverages further provides:
“2. Exclusions
“This insurance does not apply to: . . .
“j. Damage to Property “ ‘Property damage’ to:
“(1) Property you own, rent, or occupy; including any costs or expenses incurred by you or any other person organization or entity, for repair, replacement, enhancement, restoration, or maintenance of such property for any reason, including prevention of injury to a person or damage to another’s property; . . .
“Paragraphs (1), (3) and (4) of this exclusion do not apply to ‘property damage’ (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage to Premises Rented to you as described in Section Ill-limits of insurance.”
*413 Policy form CG 21 49 09 99 states:
“This Endorsement Changes The Policy. Please Read It Carefully.
“Total Pollution Exclusion Endorsement
“This endorsement modifies insurance provided
under the following:
“Commercial General Liability Coverage Part “Exclusion f. under Paragraph 2., Exclusions of Section 1 - Coverage A - Bodily Injury and Property Damage Liability is replaced by the following:
“This insurance does not apply to:
“f. Pollution
“(1) ‘Bodily injury’ or ‘property damage’ which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of ‘pollutants’ at any time.
“(2) Any loss, cost or expense arising out of any:
“(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of ‘pollutants’; or “(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, ‘pollutants’.”
Policy form CG 00 01 12 07 Section 1 provides:
“2. Exclusions
“This insurance does not apply to: . . .
“m. Pollution
“ ‘Personal and advertising injury’ arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of ‘pollutants’ at any time.
“n. Pollution-Related
“Any loss, cost or expense arising out of any:
“(1) Request, demand or order that any Insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, ‘pollutants’; or
*414 “(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, ‘pollutants’.”
Policy form CG 00 01 12 07 defines pollutants as: “ ‘Pollutants’ mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled reconditioned or reclaimed.”
When the pollution exclusions are clear and unambiguous, interpretation is a “matter of law for the court.” (Town of Harrison v National Union Fire Ins. Co. of Pittsburgh, Pa., 89 NY2d 308, 316 [1996].) Here, the pollution exclusion clause is verbatim to the clause in Cataract Metal Finishing, Inc. v Hartford Fire Ins. Co. where New York Western District Judge Elfvin determined as a matter of law, that the exclusion was clear and unambiguous excluding coverage. (2003 WL 251955, 2003 US Dist LEXIS 1473 [WD NY, Jan. 2, 2003, No. 02-CV-0261E(SC)].) Although plaintiff attempts to distinguish Cataract from the case at bar on the basis that plaintiff herein did not own the property when the release occurred, nor have any control thereof, such facts do not change the operative clear and unambiguous language of the exclusion clause. Accordingly, similar to Cataract, defendant insurer herein has no duty to defend or indemnify plaintiff since the pollution exclusion clause under the policy excludes coverage. (See Plants & Goodwin, Inc. v St. Paul Surplus Lines Ins. Co., 99 F Supp 2d 293 [WD NY 2000]; Steuben Contr., Inc. v Employers Ins. of Wausau, 975 F Supp 479 [WD NY 1997]; see also Gold Fields Am. Corp. v Aetna Cas. & Sur. Co., 295 AD2d 289 [1st Dept 2002]; State of New York v Capital Mut. Ins. Co., 213 AD2d 888 [3d Dept 1995]; County of Fulton v United States Fid. & Guar. Co., 195 AD2d 864 [3d Dept 1993]; Henry Modell & Co. v General Ins. Co. of Trieste & Venice, 193 AD2d 412 [1st Dept 1993].)
In opposition to defendants’ motion, plaintiff has advanced several well reasoned arguments alleging ambiguity with the pollution exclusion including whether the release was a pollutant which arguments plaintiff supports by case law from outside New York State. (See Millers Mut. Ins. Assn. of Illinois v Graham Oil Co., 282 Ill App 3d 129, 668 NE2d 223 [2d Dist 1996]; Porterfield v Audubon Indem. Co., 856 So 2d 789, 805 [Ala Sup Ct 2002]; Kent Farms, Inc. v Zurich Ins. Co., 140 *415 Wash 2d 396, 998 P2d 292 [2000].) Even accepting the foreign case law as instructive, the cases offer little guidance. In Millers Mut, the court discussed having to make a determination whether the released chemical was a pollutant under the policy exclusion, the court in its determination found that gasoline was a pollutant. The court then continued and accepted the minority view and made a determination on coverage for personal injury resulting from the gasoline release. In Porter-field, the facts involved contamination caused by the removal of lead paint from a structure, and the court in its determination expended great effort in analyzing New York court decisions which removed lead paint contamination from the absolute pollution exclusions. Those cases are limited to lead paint exposure which is not applicable herein. In Kent Farms, the court found the exclusion clause did not deal with a situation where an individual was submerged or bathed in diesel fuel causing significant personal injury. Again the facts of that case are not even remotely similar to our case.
Rather, Cataract and the other cases cited above, emanating from New York, are on point, and have resulted in determinations that the pollution exclusion clauses, which are the same or similar to the clause herein, for similar releases of chemicals exclude coverage under the policies as a matter of law.
Accordingly, the exclusion clause excludes coverage under the facts of this case.
Additionally, contrary to plaintiff’s argument that there is an issue of fact whether the discharge was "sudden and accidental” thus negating the pollution exclusion, here the policy contained a total pollution exclusion rather than a sudden and accidental exception. (Petr-All Petroleum Corp. v Fireman’s Ins. Co. of Newark, 188 AD2d 139 [4th Dept 1993].) Even assuming there was a sudden and accidental clause, which there is not, there is no proof that the pollution was “sudden or accidental.” (Merchants Mut. Ins. Co. v Allcity Ins. Co., 245 AD2d 590, 593 [3d Dept 1997].) “A ‘sudden’ discharge is instantaneous, not long-lasting or continuous (Borg-Warner Corp. v Insurance Co., supra, at 31), and an ‘accidental’ event is unexpected, unintended and short-lasting (.Powers Chemco v Federal Ins. Co., supra).” (County of Fulton v United States Fid. & Guar. Co., 195 AD2d 864, 865 [3d Dept 1993].) There is no allegation in the complaint or proof that the discharge was sudden or accidental, nor is there a policy exception thereto. DEC cited a “documented release and the threat of future releases” which *416 occurred during the time period of 1936 and 2003. (Plaintiff’s exhibit A, DEC letter.)
Lastly, plaintiff contends, that despite the release occurring outside the policy period, since they had no culpability, they are entitled to coverage.
The court agrees that plaintiff had no culpability in the release of the chemical(s) which release occurred long before defendants provided insurance coverage, however whether the policyholder caused the discharge or release is not relevant to the applicability of the pollution exclusion. (Town of Harrison v National Union Fire.)
The policy as recited provides coverage if the act “was committed in the ‘coverage territory’ during the policy period.” (Emphasis added.) The act occurred between 1936 and 2003 long before the 2014 policy, and plaintiff’s 2009 purchase of the property. That alone may be a sufficient basis for dismissal if plaintiff had knowledge of the occurrence prior to the issuance of the policy and the damages occurred during that period, both of which plaintiff denies knowledge of herein. (See Empire State Shipping Serv., Ltd. v Hanover Ins. Co., 89 AD3d 431, 432 [1st Dept 2011].) Although the alleged lack of knowledge may under some circumstances create an issue of fact, under these facts, whether plaintiff’s lack of knowledge prior to the policy period would exclude coverage as occurring outside the policy period is moot based upon the determination that the pollution exclusion clause was applicable to exclude coverage.
The court is cognizant of plaintiff’s dilemma and the draconian results of defending and funding the clean-up efforts without insurance coverage; however, under the facts herein, it is left without an alternative. The policy exclusion clearly excludes coverage for the situation arising here, where pollutants were discharged prior to the insurance coverage period, and more importantly such discharge is specifically excluded under the policy of insurance. Plaintiff may however seek redress against the prior landowner for contribution as the actual discharger. (See State of New York v Green, 96 NY2d 403, 408 [2001].)
Accordingly, defendants’ motion to dismiss is granted.