NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENSEN SHIRLEY; KAREN SHIRLEY, | No. 19-56066 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-00994-AJB-BGS |
| v. | |
| ALLSTATE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted October 7, 2020[**]
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and CARDONE,[***] District Judge.

Jensen and Karen Shirley (collectively, the "Shirleys") appeal from the

district court's summary judgment in favor of Allstate Insurance Co. ("Allstate")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

on their California state law claims for breach of contract and insurance bad faith. We review *de novo* a district court's decision to grant summary judgment. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.     Under California law, the Shirleys bear the initial burden in their breach of contract claim "to prove that an event is a claim within the scope of the [insurance policy's] basic coverage." *Aeroquip Corp. v. Aetna Cas. & Sur. Co.*, 26 F.3d 893, 894–95 (9th Cir. 1994) (citation omitted). Allstate's policy insures the Shirleys against "physical loss to property," defined as "physical injury to . . . tangible property." The parties agree that fire contamination constitutes physical injury under the policy.

The Shirleys failed to prove that ash or soot physically contaminated their home. After the Shirleys filed their claim with Allstate, four inspectors from three firms visited the Shirleys' home and took samples of suspected ash or soot. None of these four inspectors found evidence of fire contamination, including soot and ash. In the absence of physical contamination, the Shirleys rely on subjective reports of a smoke smell in their home. However, the agreement explicitly precludes coverage based on "vapors" or "fumes." The Shirleys therefore have not presented a genuine dispute of material fact regarding the alleged physical damage

to their home.  *See Folkens*, 882 F.3d at 773 (describing standard for summary judgment).

The Shirleys also allege that Allstate's inspector ignored "burnt landscaping" on their property.  However, the Shirleys do not advance any argument about whether the damage to their landscaping falls within the scope of their insurance coverage or whether they submitted a claim to Allstate for such alleged damages.  The Shirleys have therefore forfeited this issue.  *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned." (citation omitted)).

2.  "A covenant of good faith and fair dealing is implied in every insurance contract" under California law.  *Frommoethelydo v. Fire Ins. Exch.*, 721 P.2d 41, 44 (Cal. 1986) (citation omitted).  To fulfill this implied covenant, "an insurer must give at least as much consideration to the interests of the insured as it gives to its own interests" and cannot "unreasonably and in bad faith withhold[] payment of the claim of its insured."  *Id.*  To receive punitive damages for breach of an implied covenant, the plaintiff also must prove that the defendant "acted with the requisite intent to injure [the] plaintiff."  *Silberg v. Cal. Life Ins. Co.*, 521 P.2d 1103, 1110 (Cal. 1974).

Allstate properly withheld benefits and did not breach its contract with the Shirleys.  Because no benefits are owed, Allstate cannot be liable for acting in bad

faith when it refused to pay the Shirleys. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) ("[W]ithout a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." (citation omitted)). Furthermore, because the Shirleys did not prove that Allstate acted in bad faith—let alone with "intent to injure"—they are not entitled to punitive damages. *Silberg*, 521 P.2d at 1110. The district court properly granted summary judgment on these claims.

**AFFIRMED**.